IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 116-045 |
| | * | |
| DARREN DEVALE TOWNSEND, JR. | * | |

## O R D E R

Defendant in the captioned criminal matter has filed two substantively identical motions entitled "Motion to Preserve Right to Challenge 'Relevant Conduct' Under Nelson v. Colorado, 137 S.Ct. 1249 (2017)." The government opposes the motions.

In April 2017, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute controlled substances. He was subsequently sentenced to serve 152 months in prison followed by three years of supervised release. Defendant did not appeal his conviction and sentence.[1]

Presently, Defendant notifies the Court that he expects the United States Supreme Court's decision in Nelson v.

---

[1] Defendant's plea agreement contained an appeal waiver with limited exceptions.

Colorado to have a direct impact on the validity of his sentence. This is so, according to Defendant, because the Nelson decision contains dicta which indicates that the Supreme Court will overrule its decision in United States v. Watts, 519 U.S. 148 (1997).

In Watts, the Supreme Court held that a jury's verdict of acquittal does not prevent the sentencing court from considering acquitted conduct so long as the conduct was proven by a preponderance of the evidence. Id. at 149, 157. In Nelson, the Supreme Court held invalid the statutes in Colorado which require criminal defendants whose convictions have been reversed or vacated to prove their innocence by clear and convincing evidence in order to obtain the refund of costs, fees, and restitution paid pursuant to the invalid convictions. 137 S. Ct. at 1257-58. The Watts decision was never mentioned in Nelson, and indeed, the two holdings are not at odds with one another.[2]

Setting aside the fact that Nelson does not portend to overrule Watts, even if it did, this Court cannot provide relief based upon a hypothetical future ruling of Supreme

---

[2] As succinctly pointed out by the court in United States v. Tegeler, --- F. Supp. 3d ---, 2018 WL 1954200, at *3 (D. Neb. Apr. 16, 2018): "Nelson deals with the State's retention of funds following the *invalidation* of a conviction, and Watts deals with the clearly distinguishable question of what evidence may be considered at sentencing on a *valid* conviction." (emphasis in original)).

2

Court precedent. Defendant recognizes that an attack against the legality of his sentence should be filed pursuant to 28 U.S.C. § 2255. Recognizing the limitations of § 2255 filings, Defendant states that he does not wish to convert his present motion to a § 2255 motion. He simply wishes to file his motion as a "placeholder." The Court notes, however, that § 2255(f) provides a mechanism to file a motion outside of one year from the date the judgment of conviction becomes final. For instance, while this Court will not comment on its application to this case, the statute provides that the one-year statute of limitations may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In any event, there is simply no statutory or other authority that would allow this Court to provide the "placeholder" relief sought by Defendant. Accordingly, his motions to preserve his right to challenge "relevant conduct" (docs. 124 & 144) are **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___9th___ day of July, 2018.

J. RANDAL HALL, CHIEF
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA